UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAIN MASING,

                    Plaintiff,

        -against-

DONALD TRUMP; IMMIGRATION AND
CUSTOMS ENFORCEMENT AGENT X;
TAE JOHNSON; ALEJANDRO
MAYORKAS; JOSEPH CUFFARI;
MICHAEL POMPEO; CHRISTOPHER
WRAY; ANTHONY BLINKEN;
IMMIGRATION AND CUSTOMS
ENFORCEMENT; DEPARTMENT OF
HOMELAND SECURITY; DEPARTMENT
OF HOMELAND SECURITY OFFICE OF
INSPECTOR GENERAL; DEPARTMENT
OF STATE; FEDERAL BUREAU OF
INVESTIGATION,

                    Defendants.

21-CV-8243 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims for defamation and

for violations of his constitutional right to due process. Plaintiff sues five federal agencies

(Immigration and Customs Enforcement (ICE); Department of Homeland Security (DHS); DHS

Office of Inspector General; United States Department of State; and the Federal Bureau of

Investigation (FBI)); the heads of these federal agencies (ICE Acting Director Tae Johnson; DHS

Secretary Mayorkas; DHS Inspector General Cuffari; FBI Director Wray; and Secretary of State

Blinken); two former federal officials (former President Donald Trump and former Secretary of

State Mike Pompeo); and, from San Francisco, California, ICE Agent "X."

By order dated October 15, 2021, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must

determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are alleged in Plaintiff Rain Masing's complaint. On January 24, 2018, Plaintiff entered the United States "legally from a Visa Waiver Program (VWP) participating country with a prior valid Electronic System for Travel Authorization (ESTA) approval." (ECF 2 at 3.) He was detained "upon arrival at the airport for no apparent reason." (*Id.*)

From early 2018 to June 2019, Plaintiff was in immigration detention in Northern California. (*Id.*) At some point, Plaintiff applied for asylum. While in immigration detention in California, Plaintiff encountered "ICE Agent X," who made false statements to unspecified others that Plaintiff is a drug trafficker due to Plaintiff's having been "a language student in Colombia in 2005." (*Id.*) Plaintiff is "concern[ed]" that this slanderous charge that he engaged in criminal activity "has been propagated to a large number of persons and entities." (*Id.* at 4.) Also during Plaintiff's detention in California, *pro bono* attorneys wrote to the court — presumably the Immigration Court— and now "Plaintiff is stuck with a court appointed attorney." (*Id.*)

Plaintiff's asylum case has been before five different judges, which Plaintiff attributes to manipulation by ICE Agent X to change the presiding judges. Currently, Plaintiff's asylum case is before Immigration Judge Kelly Lake, who was appointed by former President Trump and who previously served in the Narcotics and Dangerous Drug Section of the Criminal Division of the United States Department of Justice. Plaintiff alleges that ICE Agent X "handpicked" Judge Lake and "is secretly manipulating her by slandering plaintiff as a drug trafficker" in order to deprive Plaintiff of a fair trial. (*Id.*)

Plaintiff wishes to have his asylum proceedings transferred to New York, but he "is unable to do so since he has no address in New York . . . and defendants are not letting him . . . rent an apartment [or] find a job" in New York. (*Id.*) Plaintiff nevertheless provides an address of record that is in New York.

Plaintiff contends that his due process rights have been violated in his asylum proceedings and that Agent X has slandered him by characterizing him as a "drug trafficker." Plaintiff seeks damages, and orders (1) transferring his asylum proceedings to New York, (2) deeming unspecified "unlawfully collected" evidence inadmissible in his asylum proceedings, and (3) enjoining ICE Agent X from continuing to slander him.

## DISCUSSION

### A.    Venue

Plaintiff asserts claims for violations of his rights under the United States Constitution and state law, neither of which has its own venue provision; the general venue provision, 28 U.S.C. § 1391(b), therefore applies to these claims. Under Section 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Venue for Plaintiff's claims is not proper in this district under Section 1391(b)(1) because all defendants are not residents of New York. Venue also does not appear to be proper in this district under Section 1391(b)(2) because the events giving rise to Plaintiff's claims seem to have taken place in California. Finally, this is not a case where there is no district in which this action

will lie, because venue is proper under Section 1391(b)(2) in the Northern District of California

where Plaintiff's claims arose. If this action proceeds, the Court is therefore inclined to transfer

this action to the United States District Court for the Northern District of California.

As set forth below, however, Plaintiff's allegations are deficient because they either fail

to state a claim on which relief can be granted or assert a claim against a defendant who is

immune from suit.

**B.    Sovereign Immunity of Federal Agencies and Officials**

"The United States, as sovereign, is immune from suit save as it consents to be sued."

*United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S.

584, 586 (1941)). Federal agencies and federal officials in their official capacities are also

immune from suit for constitutional torts. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471,

484-86 (1994) (holding that *Bivens* provides no cause of action against the United States or its

agencies). Plaintiff's claims against the FBI, the State Department, ICE, DHS, and the DHS

Office of the Inspector General, whether for damages or injunctive relief, must therefore be

dismissed because sovereign immunity bars Plaintiff's claims against federal agencies for

violations of his constitutional rights. 28 U.S.C. § 1915(e)(2)(B)(iii).

1.    Individual Federal Officials

Turning to Plaintiff's claims against individual federal officials, Plaintiff makes no

allegations that ICE Acting Director Tae Johnson, DHS Secretary Mayorkas, DHS Inspector

General Cuffari, FBI Director Wray, Secretary of State Blinken, former Secretary of State

Pompeo, or former President Donald Trump were personally involved in violating his rights, as

is required for an individual-capacity claim.[1] The Court therefore construes Plaintiff's allegations

---

[1] If Plaintiff is asserting claims against these individuals in their personal capacities, such
claims must be dismissed for failure to allege their personal involvement in a violation of

against these current and former federal officials as asserting claims against them in their official capacities. Because Plaintiff has not sued these federal officials under any statute that abrogates their sovereign immunity, Plaintiff's claims for damages against Defendants Johnson, Mayorkas, Cuffari, Wray, Blinken, Pompeo, and Trump in their official capacities must be dismissed because these defendants are immune from suit. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's requests for injunctive relief relate to his asylum proceedings in the Immigration Court: He asks that the Immigration Court transfer his proceedings to New York and deem certain evidence inadmissible. Only the presiding judge can order such relief. The FBI Director, Secretary of State, former Secretary of State, ICE Acting Director, DHS Secretary, DHS Inspector General, and former President Donald Trump have no authority over the venue for Plaintiff's immigration proceedings or the Immigration Court's rulings on the admissibility of evidence. Because Plaintiff cannot state a cognizable claim for injunctive relief against Defendants Johnson, Mayorkas, Cuffari, Wray, Blinken, Pompeo and Trump, the Court therefore dismisses Plaintiff's claims against these defendants in their entirety.

2.      Claims against ICE Agent X

Plaintiff's claims against ICE Agent X for violating Plaintiff's right to due process might be construed as a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* relief is available only against federal officials who are personally involved in the alleged constitutional violations. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017); *Turkmen v. Hasty*, 789 F3d 218, 233 (2d Cir. 2015).

---

Plaintiff's rights. Insofar as Plaintiff sues Mike Pompeo as a fellow at the Hudson Institute, rather than as a former federal official, Plaintiff also fails to state a claim because there are no allegations that Defendant Pompeo personally did anything that violated Plaintiff's rights.

The Supreme Court has held that *Bivens* relief can be implied for the following three types of claims: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar*, 137 S. Ct. at 1854-55. The Supreme Court has made it clear that expanding *Bivens* beyond these recognized contexts "is now a disfavored judicial activity." *Id.* at 1857 (internal quotations omitted). Even assuming that Plaintiff's due process claim against ICE Agent X does not differ "in a meaningful way from previous *Bivens* cases decided by" the Supreme Court, *id.* at 1859, and *Bivens* relief were available for such a claim, Plaintiff's allegations against ICE Agent X fail to state a claim on which relief can be granted.

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). Plaintiff's allegations that ICE Agent X manipulated the Immigration Court into assigning an Immigration Judge who is unfavorably disposed to Plaintiff are devoid of facts and such a claim is therefore implausible. *See Twombly*, 550 U.S. at 570 (holding that a claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct).

Plaintiff also cannot state a *Bivens* claim against ICE Agent X based on allegations of defamation because neither the United States Constitution nor federal law governs defamation claims. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991) ("Defamation, by itself, is a tort

actionable under the laws of most States, but not a constitutional deprivation."). Plaintiff's

allegations thus fail to state a *Bivens* claim against ICE Agent X for a violation of Plaintiff's

constitutional rights.

## C.     Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, waives sovereign

immunity for injuries arising from the tortious conduct of federal officers or agents acting within

the scope of their office or employment. 28 U.S.C. § 1346(b)(1). Before bringing a claim in a

federal district court under the FTCA, a claimant must first exhaust his administrative remedies

by filing a claim for monetary damages with the appropriate federal government entity and must

receive a final written determination. *See* 28 U.S.C. § 2675(a).

The FTCA has certain exceptions, however, and it does not waive sovereign immunity for

a defamation claim against a federal employee acting in an official capacity. *See Siegert v. Gilley*,

500 U.S. 226, 234 (1991) ("[A] suit [under the FTCA] could not be brought, in the light of the

exemption in that Act for claims based on defamation, *see* 28 U.S.C. § 2680(h)."). Plaintiff's

allegations that ICE Agent X defamed him while acting in the scope of his duties as an

immigration agent by telling others that Plaintiff is (or was) a "drug trafficker" thus cannot

proceed under the FTCA because this federal statute does not waive sovereign immunity for such

claims. Any claim that Plaintiff is asserting against ICE Agent X under the FTCA must therefore

be dismissed and should not be reasserted in any amended complaint that Plaintiff may file. 28

U.S.C. § 1915(e)(2)(B)(ii).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early

stages and only state-law claims remain, the federal court should decline the exercise of

[supplemental] jurisdiction" of state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343,

350 n.7 (1988)). Having dismissed the federal claims over which the Court has original

jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although it is not clear that Plaintiff can allege additional facts to state a valid claim, in an abundance of caution, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims. The Court notes, however, that even if Plaintiff amends his complaint to state a claim against one or more defendants, venue of claims arising in California likely will not lie in this Court and such claims may be transferred to a district where venue is proper.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants,

however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief. Plaintiff's amended complaint will completely replace, not supplement, the original complaint.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-8243 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

  Dated:    October 18, 2021
            New York, New York

                                          /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

First Name                   Middle Initial          Last Name

Street Address

County, City                                 State                 Zip Code

Telephone Number                             Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                   State                   Zip Code

Defendant 2:

First Name                                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                   State                   Zip Code

Defendant 3:

First Name                                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                   State                   Zip Code

Defendant 4:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                            State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

Street Address

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.